UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYCE DEUEL,

        Plaintiff,                        Case No. 1:08-CV-32

v.                                            Hon. Robert J. Jonker

LAW OFFICES OF TIMOTHY E. BAXTER
& ASSOCIATES, P.C.,

        Defendant.
_____/

**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**

        Pending before the court is defendant's motion for a more definite statement (docket no. 3), pursuant to Rule 12(e), Fed. R. Civ. P. (FRCP). Defendant has failed to affirmatively state the efforts it made to ascertain whether the motion would be opposed. W.D.Mich. LCivR 7.1(d). Defendant was also required to file a brief in support of its motion, containing "a concise statement of the reasons in support of the party's position" and citing "all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." Rule 7.1(a), FRCP. Defendant's brief cites nothing more than Rule 12(e) itself. For these reasons, and the ones set forth below, the motion will be denied.

        The liberal notice pleading requirements of Rule 8(a)(2), FRCP, require only that a person filing a complaint serve a short, plain statement showing an entitlement to relief. If a complaint is so vague or ambiguous that a responsive pleading cannot be prepared, the responding party need not serve a response but instead may move for a more definite statement. A motion for a more definite statement, however, is not a substitute for discovery. It is usually restricted to

situations where a pleading suffers from unintelligibility rather than the want of detail. *Flentye v. Kathrein,* 485 F.Supp. 2d 903, 911 (N.D. Ill. 2007). Such motions are disfavored, *Communities for Equity in Michigan High School Athletics Assoc.,* 26 F.Supp. 2d 1001, 1009 (W.D. Mich. 1998), and will ordinarily be granted only where the pleading is so helplessly vague and ambiguous that a defendant cannot fairly be expected to frame a response or denial. *See McQueen v. Woodstream Corporation,* 244 F.R.D. 26 (D.D.C. 2007).

The burden lies with the movant to demonstrate that the challenged pleading is too vague or ambiguous to permit a response. Defendant must point out the defects complained of and the details desired. Rule 12(e).

In the present case, plaintiff brings an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, against defendant, arising out of a July 26, 2007 telephone call between the parties. Plaintiff alleges that defendant spoke to the plaintiff in an abusive and threatening tone, threatened to place a lien on the mobile home in which plaintiff lived, threatened to place a lien on the lot on which the mobile home stood, and threatened to send someone to plaintiff's home to take plaintiff's personal property when defendant had not yet obtained a judgment against plaintiff. Based upon these facts, plaintiff makes four claims under §§ 1692(d) through 1692(f). Plaintiff alleges that in an attempt to collect a debt from plaintiff, defendant used actions that were unfair or unconscionable, threatened legal action when the same was not contemplated or could not legally be taken, made misrepresentations during its conversations with plaintiff, and used obscene and/or abusive language during its communications in furtherance of debt collection. Plaintiff seeks actual damages, statutory damages, reasonable attorneys fees and costs, and such legal and/or equitable relief that the court deems appropriate.

Although plaintiff incorporates all facts by reference into each count, a not uncommon practice, *See,* Rule 10(c), this makes the claims neither vague nor ambiguous and certainly not difficult to respond to. Defendant has failed to show why it cannot frame an appropriate response to them.

The motion is DENIED. Defendant shall file a responsive pleading within ten (10) days after notice of this order. Rule 12(a)(4)(A).

IT IS SO ORDERED.


Dated:  February 19, 2008                            /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge